IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MEGAN MOORE,

          Plaintiff,

vs.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

          Defendant.

Civil Action No. 2:24-cv-18

**COMPLAINT**

AND NOW, comes the Plaintiff, MEGAN MOORE, by and through her attorney, Brian Patrick Bronson, Esquire, and the Quatrini Law Group, P.C., and files this Complaint in Civil Action in the Federal District Court for the Western District of Pennsylvania, stating as follows:

**INTRODUCTION**

**NATURE OF THIS ACTION**

1. This action is filed pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereinafter referred to as "ERISA") and the Declaratory Judgment Act, 28 U.S.C. §§2201, 2202. Ms. Moore (hereinafter "Plaintiff") is a participant in an employee welfare benefit plan (hereinafter referred to as "The Plan") which is administered pursuant to an insurance policy issued by the Lincoln National Life Insurance Company. The Plan is governed by ERISA. Plaintiff is a beneficiary under the Plan. This Complaint challenges the Plan's unlawful practice of failing to provide Plaintiff

with the timely payment of Long Term Disability benefits under the Plan. Specifically, Plaintiff is filing this action to enforce her rights under the Plan and for attorney fees, interest and costs as provided by ERISA.

## JURISDICTION AND VENUE

2.  This Court has Original Jurisdiction to hear this Complaint and to adjudicate the claims herein pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

3.  Venue is proper in this Court, as the Plan was administered in the Western District of Pennsylvania.

## PARTIES

4.  The Plaintiff, Megan Moore, resides at 5 Frick Avenue, Irwin, PA 15642, Westmoreland County.

5.  The Defendant, The Lincoln National Life Insurance Company, is the Claims Administrator of Long Term Disability claims and is located at 1301 South Harrison Street, Fort Wayne, IN 46802-3425.

6.  Defendant administered employee benefits, mainly Long Term Disability benefits, under the Plan in accordance with the insurance policy issued to the Plan by the Claims Administrator.

## STATEMENT OF FACTS

7.  The Plaintiff, Megan Moore, worked for Elliot Group as a CRM Analyst until on or about March 4, 2022, wherein she stopped working due to the diagnoses, symptoms,

and functional limitations of Ehlers-Danlos Syndrome; Temporomandibular Joint Dysfunction (TMJ); Endometriosis; Raynaud's Syndrome; Anxiety; Adjustment Disorder; Osteoarthritis; Tinnitus; Patellar Tracking Disorder; and Eustachian Tube Dysfunction. Plaintiff returned to work on or about April 11, 2023.

8. By letters dated December 14, 2022 and December 15, 2022, Defendant denied Plaintiff's claim for Long Term Disability benefits.

9. Plaintiff, prior to hiring counsel, filed a timely appeal by email dated December 14, 2022.

10. By letter dated January 3, 2023, Defendant acknowledged Plaintiff's appeal.

11. By email dated January 6, 2023, Defendant provided Plaintiff with her options.

12. Plaintiff, by email dated January 11, 2023, withdrew her appeal in order to take more time to gather the necessary supporting documents.

13. Plaintiff, by and through her attorney Brian Patrick Bronson, Esquire, filed a timely and responsive appeal by letter dated June 7, 2023, and supplemented the appeal with additional evidence by letters dated July 20, 2023 and August 17, 2023.

14. By letter dated October 11, 2023, Defendant upheld their decision to deny Plaintiff's claim for Long Term Disability benefits. This letter states, "At this time, Ms. Moore's administrative right to review has been exhausted; no further review will be conducted by Lincoln Financial Group and her claim will remain closed."

## CAUSE OF ACTION

**Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.**

15. Paragraphs 1 through 14 are incorporated herein as if set forth at length.

16. Plaintiff has exhausted all administrative remedies and mandatory appeals as required by the Plan and ERISA 29 U.S.C. §1001 et seq.

17. At all times relevant to this action, the Plaintiff has been unable to perform the material duties of her own occupation due to the diagnoses, symptoms, and functional limitations of Ehlers-Danlos Syndrome; Temporomandibular Joint Dysfunction (TMJ); Endometriosis; Raynaud's Syndrome; Anxiety; Adjustment Disorder; Osteoarthritis; Tinnitus; Patellar Tracking Disorder; and Eustachian Tube Dysfunction.

18. The Defendant's actions in denying Plaintiff benefits under the Plan constitutes a violation of 29 U.S.C. § 1132(3)(B)(ii) .

19. The Defendant ignored pertinent medical evidence and failed to evaluate all of the evidence of record including the medical of Plaintiff's treating physicians.

20. The Defendant did not conduct a full and fair review of the claim as required by ERISA.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully prays that the Court issue an Order:

(1) Awarding, declaring or otherwise providing Plaintiff all relief to which Plaintiff is entitled under ERISA Section 502 Paragraph (a) 29 U.S.C. Section 1132(a);

(2) Awarding pre and post judgment interests;

(3) Awarding Plaintiff the costs of this action and reasonable attorneys fees;

- 5 -

    (4)    Awarding such other relief as may be just and reasonable.

<u>/s/ Brian Patrick Bronson, Esquire</u>
Brian Patrick Bronson, Esquire (Pa #89035)
Quatrini Law Group, P.C.
550 East Pittsburgh Street
Greensburg, PA  15601
Phone:  (724) 837-0080
Fax:  (724) 837-1348
E-mail:  bbronson@qrlegal.com

Dated:   January 5, 2024